**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PHIL IZZO,

        Plaintiff,

v.

TOWNSHIP OF RARITAN, et al.,

        Defendants.

Civil Action No. 15-1262 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on several motions. Defendants Township of Raritan, Allan Pietrafesa, Glenn Tabasco, and Benedict Donaruma, Jr. ("Township Defendants") move to dismiss Plaintiff Phil Izzo's ("Plaintiff") Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8.) Plaintiff cross-moves to disqualify Richard P. Flaum, Esq. ("Township Attorney") and his law firm, DiFrancesco, Bateman, Coley, Yospin, Kunzman, Davis, Lehrer, & Flaum, P.C. ("DiFrancesco Bateman"), from representing Township Defendants in this action pursuant to New Jersey Rules of Professional Conduct ("RPC") 1.9 and 3.7. (ECF No. 15.) Additionally, Defendants Hunterdon County Prosecutor's Office and Detective Frank Crisologo ("Prosecutor Defendants") move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6). (ECF No. 18.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Township Defendants' motion to dismiss is denied; Plaintiff's cross-motion to disqualify Township Attorney and DiFrancesco Bateman is granted; and Prosecutor Defendants' motion to dismiss is granted.

I.  **Background**

This action arises from the alleged wrongful termination and arrest of Plaintiff. As alleged in Plaintiff's Complaint, Plaintiff worked as a Building and Electrical Inspector for the Township of Raritan since September 2005. (Compl. ¶ 10, ECF No. 1.) In December 2010, Plaintiff was appointed as the First Sub-Code Official and Construction Official of the Township of Raritan. (*Id.* ¶ 12.) Marc Forniciari ("Forniciari"), a co-employee, was displeased that he was "passed over" for the position Plaintiff was appointed to and made complaints about Plaintiff. (*Id.* ¶¶ 13-15.) On March 15, 2013, Forniciari filed a lawsuit against the Township of Raritan and Plaintiff alleging he was a whistle-blower (the "Forniciari Lawsuit"). (*Id.* ¶ 16.)

Township Attorney represented the Township of Raritan and Plaintiff in the Forniciari Lawsuit. (*Id.* ¶ 17.) Plaintiff brought home background documents from Forniciari's personnel file to prepare a summary of relevant information to assist Township Attorney in the defense of the Forniciari Lawsuit. (*Id.* ¶¶ 17-18.) Plaintiff later became aware that Forniciari's personnel file was missing and reported the missing file to his supervisor. (*Id.* ¶¶ 19-20.) On August 1, 2013, Plaintiff was arrested by the Township of Raritan Police Department for "official misconduct" related to the missing personnel file. (*Id.* ¶¶ 22-23, 37.) Defendants informed Plaintiff that they believed he devised a plan with a third party to send the personnel file to the Township of Raritan with the hope that it would cause another person to be fired and create an opportunity for this third party to be hired. (*Id.* ¶¶ 24-28.) Plaintiff denied the accusations. (*Id.* ¶ 29.) On August 2, 2013, Plaintiff was suspended without pay by the Township of Raritan. (*Id.* ¶ 30.)

From September 2013 through November 2013, Plaintiff cooperated in the investigation conducted by the Hunterdon County Prosecutor's Office. (*Id.* ¶ 32.) On March 31, 2013[1], the Hunterdon County Prosecutor's Office dismissed all charges against Plaintiff. (*Id.* ¶ 39.) Plaintiff attempted to negotiate the reinstatement of his position with the Township of Raritan. (*Id.* ¶¶ 40-42.) On April 21, 2014, however, the Township of Raritan issued correspondence, authored by Township Attorney, amending its reasons for Plaintiff's suspension. (*Id.*) Plaintiff filed a Tort Claim Notice in June 2014. (*Id.* ¶ 43.) On July 9, 2014, the Township Council passed a resolution confirming its decision not to reappoint Plaintiff. (*Id.* ¶ 45.)

Through his Complaint, Plaintiff asserts the following claims against all Defendants: (1) breach of contract in violation of N.J.S.A. 40A:62-6(5); (2) breach of contract/wrongful discharge; (3) violation of the Civil Rights Act, 42 U.S.C. § 1983; (4) violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2; (5) false arrest/imprisonment; (6) malicious prosecution; (7) intentional infliction of emotional distress; and (8) negligent infliction of emotional distress. Plaintiff seeks reinstatement, a declaratory judgment, compensatory damages, punitive damages, attorney's fees, and costs of suit.

## II.     **Plaintiff's Cross-Motion to Disqualify Counsel**

Plaintiff cross-moves to disqualify Township Attorney and his law firm, DiFrancesco Bateman, from representing Township Defendants in this action pursuant to RPC 1.9 and 3.7. (ECF No. 15.) As Plaintiff's cross-motion raises issues regarding the Rules of Professional conduct, the Court shall address it first.

---

[1] In the Complaint Plaintiff alleges the charges were dismissed in 2013, however, based on Plaintiff's timeline it appears Plaintiff meant 2014.

### A.     Legal Standard

In the District of New Jersey, the conduct of the members of the bar are governed by "[t]he Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court." L. Civ. R. 103.1(a). Pursuant to Local Civil Rule 103.1, this Court looks to New Jersey's state courts' interpretations of the RPC as primary authority. *Id.*; *see also Carreno v. City of Newark*, 834 F. Supp. 2d 217, 224 (D.N.J. 2011). In New Jersey, "[d]isqualification of counsel is a harsh discretionary remedy which must be used sparingly." *Cavallaro v. Jamco Prop. Mgmt.*, 334 N.J. Super. 557, 572 (App. Div. 2000); *see also Rohm & Haas Co. v. Am. Cyanamid Co.*, 187 F. Supp. 2d 221, 226 (D.N.J. 2001) ("It is well settled that because motions to disqualify can have such drastic consequences, courts disfavor such motions and grant them only when absolutely necessary.") (internal quotation marks omitted). "A party seeking disqualification must meet a 'heavy burden' of proof before a court will disqualify an attorney or law firm." *Rohm & Haas Co.*, 187 F. Supp. 2d at 226-27. "New Jersey courts engage in a 'painstaking analysis of the facts' when addressing motions for disqualification." *Id.* (quoting *Dewey v. R.J. Reynolds Tobacco Co.*, 109 N.J. 201, 205 (1988)). A person's right to retain counsel of his or her choice, however, "is limited in that 'there is no right to demand to be represented by an attorney disqualified because of an ethical requirement.'" *Dewey*, 109 N.J. at 218 (quoting *Reardon v. Marlayne, Inc.*, 83 N.J. 460, 477 (1980)). "Resolution of a motion to disqualify requires the court to balance the need to maintain the highest standards of the legal profession against a client's right to freely choose his counsel." *Steel v. Gen. Motors Corp.*, 912 F. Supp. 724, 733 (D.N.J. 1995) (internal quotation marks omitted).

### B.    Analysis

Plaintiff moves to disqualify Township Attorney from representing Township Defendants in this action under RPC 1.9, which provides:

> A lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing.

N.J. Rules of Prof'l Conduct R. 1.9(a) (2015). "RPC 1.9(a) has three requirements that must be satisfied for an attorney to be disqualified: (1) the existence of a past attorney client relationship; (2) that the current representation involves the same or a matter substantially related to the previous representation; and (3) that the interests of the attorney's current client are materially adverse to the interests of the former client." *H2O Plus, LLC v. Arch Pers. Care Prods., L.P.*, No. 10-3089, 2011 WL 1078584, at *2 (D.N.J. Mar. 21, 2011) (citing *Host Marriott Corp. v. Fast Food Operators, Inc.*, 891 F. Supp. 1002, 1007 (D.N.J. 1995)). Here, only the second requirement is in dispute as Township Attorney previously represented Plaintiff in the Forniciari Lawsuit and Township Attorney now represents Township Defendants in this action against Plaintiff.

For purposes of the second requirement of RPC 1.9, the New Jersey Supreme Court held that matters are "substantially related" if either "(1) the lawyer for whom disqualification is sought received confidential information from the former client that can be used against that client in the subsequent representation of parties adverse to the former client, or (2) facts relevant to the prior representation are both relevant and material to the subsequent representation." *City of Atl. City v. Trupos*, 201 N.J. 447, 467 (2010). "New Jersey 'strictly construes RPC 1.9,' and 'if there be any doubt as to the propriety of an attorney's representation of a client, such doubt must be resolved in favor of disqualification.'" *Carreno*, 834 F. Supp. 2d at 225 (quoting *Twenty-First Century Rail*

*Corp. v. N.J. Transit Corp.*, 419 N.J. Super. 343, 358 (App. Div. 2011), *rev'd on other grounds*, 210 N.J. 264 (2012)); *see also Herbert v. Haytaian*, 292 N.J. Super. 426, 438-39 (App. Div. 1996).

Here, the Court finds that Plaintiff has met the second requirement by showing that the facts underlying Township Attorney's prior representation of Plaintiff are relevant and material to the current action. Township Attorney represented Plaintiff and the Township of Raritan in a lawsuit filed by Forniciari, a co-employee of Plaintiff. The Forniciari Lawsuit arose out of Forniciari's allegations that he was a whistle-blower under the Conscientious Employee Protection Act. (Compl. ¶ 16.) In the present action, Plaintiff alleges that he brought home background documents from Forniciari's personnel file to prepare a summary of relevant information to assist Township Attorney in the defense of the Forniciari Lawsuit. (*Id.* ¶¶ 17-18.) Plaintiff further alleges that he later became aware that Forniciari's personnel file was missing and reported it to his supervisor. (*Id.* ¶¶ 19-20). Plaintiff was later arrested by the Township of Raritan Police Department for "official misconduct" for taking a personnel file and subsequently was suspended from his job with the Township of Raritan. (*Id.* ¶¶ 22-23, 30, 37.) Plaintiff asserts that the documents he allegedly took were the background documents and notes Plaintiff prepared for Township Attorney in his defense of Plaintiff in the Forniciari Lawsuit. (*Id.* ¶ 38.) Plaintiff now brings the current action against Township Defendants, who are represented by Township Attorney, based on his alleged wrongful termination and arrest. The facts related to Township Attorney's representation of Plaintiff in the Forniciari Lawsuit, specifically the papers Plaintiff reviewed and prepared for Township Attorney, are relevant to the allegations made against Plaintiff that led to his arrest and termination. Those facts are material as they go to the heart of the controversy that was the alleged catalyst of Plaintiff's arrest and termination. Therefore,

6

Plaintiff's cross-motion to disqualify Township Attorney and DiFrancesco Bateman[2] is granted, and Township Attorney and DiFrancesco Bateman are disqualified from representing Township Defendants in this action.[3]

### III. Township Defendants' Motion to Dismiss

Because the Court grants Plaintiff's motion to disqualify Township Defendants' counsel, Township Defendants' motion to dismiss Plaintiff's Complaint will be denied without prejudice. The Court will provide Township Defendants with thirty (30) days to retain new counsel and an additional thirty (30) days to answer or otherwise respond to Plaintiff's Complaint.

### IV. Prosecutor's Office Defendants' Motion to Dismiss

#### A. Legal Standard

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675

---

[2] Although Plaintiff moves to disqualify DiFrancesco Bateman under RPC 1.9(b), the firm is more appropriately disqualified under RPC 1.10(a), which makes the prohibitions of RPC 1.9 applicable to a conflicted attorney's entire firm. *See Thorner v. Sony Computer Entm't Am., Inc.*, No. 09-1894, 2009 WL 4041624, at *7 (D.N.J. Nov. 20, 2009).

[3] Because the Court disqualifies Township Attorney under RPC 1.9, it will not reach Plaintiff's argument pursuant to RPC 3.7.

7

(2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

**B.    Analysis**

By way of his opposition brief, Plaintiff has voluntarily withdrawn all claims against Defendants Hunterdon County Prosecutor's Office and Crisologo, in his official capacity,[4] as well as Count Five (False Arrest/ Imprisonment) as to all Defendants. (Pl.'s Opp'n Br. 1 n.1, ECF No. 20.) Plaintiff additionally asserts that Count One (Breach of Contract) and Count Two (Wrongful Discharge) are not directed at either Defendant Hunterdon County Prosecutor's Office or Defendant Crisologo. (*Id.*) Therefore, there are no remaining claims against Defendant Hunterdon County Prosecutor's Office, and the only remaining claims against Defendant Crisologo, in his individual capacity, are: (1) violation of the Civil Rights Act, 42 U.S.C. § 1983; (2) violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2; (3) malicious prosecution; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress.

---

[4] Because Plaintiff voluntarily withdraws his claims against Defendants Hunterdon County Prosecutor's Office and Crisologo, in his official capacity, Prosecutor Defendants' argument for dismissal based on sovereign immunity under Rule 12(b)(1) is moot, and only the motion to dismiss under Rule 12(b)(6) remains.

*1.    Qualified Immunity*

Defendant Crisologo argues that Plaintiff's civil rights and malicious prosecution claims against him, in his individual capacity, for monetary damages must be dismissed because Crisologo is entitled to qualified immunity.

"Although § 1983 purports to subject '[e]very person' acting under color of state law to liability for depriving any other person in the United States of 'rights, privileges, or immunities secured by the Constitution and laws,' the Supreme Court has recognized that § 1983 was not meant 'to abolish wholesale all common-law immunities.'" *Yarris v. Cnty. of Del.*, 465 F.3d 129, 134-35 (3d Cir. 2006) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Qualified immunity "protects government officials [performing discretionary functions] 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The rule balances two interests: (1) "the need to hold public officials accountable when they exercise power irresponsibly" and (2) "the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* A qualified immunity analysis requires consideration of two concepts. "First, a court must decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." *Id.* "Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* The second prong is only met when it would be "clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[5] *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

---

[5] Courts, however, do not have to decide the two steps in the order they have been set forth. *See*

Here, Plaintiff has failed to allege a deprivation of a constitutional right. In order to establish a key element of each of his civil rights claims, Plaintiff must demonstrate that Defendant Crisologo acted without probable cause. "'Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). Where the arrest is made pursuant to a warrant, "a plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)). The only allegations contained in Plaintiff's Complaint regarding probable cause for his arrest is "Plaintiff was arrested without probable cause" or without "any corroborative evidence." (Compl. ¶¶ 22, 64, 72, 82.) Plaintiff's bare conclusions, devoid of factual allegations, are not sufficient to support a civil rights violation claim or a malicious prosecution claim. Therefore, Plaintiff's civil rights violation and malicious prosecution claims are dismissed without prejudice.[6]

---

*Pearson*, 555 U.S. at 236. ("[W]hile the sequence set forth there is often appropriate, it should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.").

[6] Defendant Crisologo seeks dismissal with prejudice of Plaintiff's claims. The case law relied on by Crisologo, however, all follow summary judgment decisions. Here, Plaintiff may amend his Complaint if and when he has facts sufficient to state a viable civil rights violation.

### 2. *Intentional and Negligent Infliction of Emotional Distress*

Defendant Crisologo argues that Plaintiff's intentional and negligent infliction of emotional distress claims against him, in his individual capacity, must be dismissed for failure to state a claim.

In order to state a claim for intentional infliction of emotional distress, a plaintiff must plead facts showing "'intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe.'" *Taylor v. Metzger*, 152 N.J. 490, 509 (1998) (quoting *Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 365-67 (1988)). A defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Subbe-Hirt v. Baccigalupi*, 94 F.3d 111, 114 (3d Cir. 1996) (citing Restatement (Second) of Torts § 46 cmt. d). "To recover for negligent infliction of emotional distress, a plaintiff must demonstrate that the defendant's negligent conduct placed the plaintiff in reasonable fear of immediate personal injury, which gave rise to emotional distress that resulted in substantial bodily injury or sickness." *Thomas v. E. Orange Bd. of Educ.*, 998 F. Supp. 2d 338, 355 (D.N.J. 2014) (citing *Jablonowska v. Suther*, 195 N.J. 91, 104 (2008)).

In his Complaint, Plaintiff alleges that the events surrounding his alleged wrongful termination and arrest "created financial and emotional strain on Plaintiff," "Plaintiff's wife attempted to take her own life," "Plaintiff's daughter was home at the time and contacted 9-1-1 in order to save her mother's life," and these events "had a dramatic impact on the wellbeing of Plaintiff and his family." (Compl. ¶¶ 50-53.) Additionally, Plaintiff alleges that as a direct result Plaintiff suffers "severe emotional distress, embarrassment, humiliation, economic harm," "financial loss, damage to his career, and other damages." (*Id.* ¶¶ 93-94, 99-100.) When the Court

peels away the allegations that are no more than conclusions, there simply are no facts pled that show the existence of severe emotional distress experienced by Plaintiff himself. For instance, Plaintiff has alleged no facts to show that he has actually suffered any severe emotional distress. He does not allege that any doctor or other medical or mental health professional indicated that Plaintiff has suffered severe emotional distress. For this reason, Defendant Crisologo's motion to dismiss Plaintiff's intentional and negligent infliction of emotional distress claims is granted, and those claims as to Crisologo are dismissed without prejudice.

## V.  Conclusion

For the reasons set forth above, Plaintiff's cross-motion to disqualify Township Attorney and DiFrancesco Bateman is granted; Township Defendants' motion to dismiss is denied without prejudice; and Prosecutor Defendants' motion to dismiss is granted. An order consistent with this Memorandum Opinion will be entered.

 s/ Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**

**Dated:** October 28, 2015