**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JUL 28 2016
AT 8:30_____
WILLIAM T. WALSH CLERK M

PHIL IZZO,

    Plaintiff,

v.

TOWNSHIP OF RARITAN, et al.,

    Defendants.

Civil Action No. 15-1262 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

  This matter comes before the Court on Defendants Allan Pietrefesa ("Pietrefesa"), Glenn Tabasco ("Tabasco"), Benedict Donaruma, Jr. ("Donaruma") (collectively, "Individual Defendants"), and Township of Raritan's ("Township") (collectively, with Individual Defendants, "Moving Defendants") motion to dismiss Plaintiff Phil Izzo's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 25.) Plaintiff opposed the motion (ECF No. 28), and Moving Defendants did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Moving Defendants' motion is granted.

**I. Background**[1]

  The Township hired Plaintiff to serve as its Building and Electrical Inspector. (Compl. ¶ 10, ECF No. 1.) On December 28, 2010, Pietrefesa, who was and is the Township Administrator, appointed Plaintiff to the positions of Raritan Fire Sub-Code Official and Construction Code

---

[1] All of the allegations in Plaintiff's Complaint are taken as true for the purposes of this motion.

Official. (*Id.* ¶ 12.) Mark Forniciari ("Forniciari"), the Township Building and Plumbing Sub-Code Official, was passed over for these positions. (*Id.* ¶ 13.) On March 15, 2013, in response to a lawsuit brought by Forniciari, Plaintiff compiled evidentiary documents, including copies of documents from Forniciari's personnel file, and took them to his home office. (*Id.* ¶¶ 17-18.) In June 2013, Plaintiff noticed Forniciari's personnel file was missing from the file cabinet in his township office and alerted Pietrefesa. (*Id.* ¶¶ 19-20.)

On August 1, 2013, the Township's police department arrested Plaintiff. (*Id.* ¶ 22.) Tabasco was and is the Township's Chief of Police. (*Id.* ¶ 6.) Donaruma, who was and is a detective for the Township Police Department, and Detective Frank Crisologo ("Crisologo"),[2] advised Plaintiff that he was being charged with "official misconduct" for allegedly providing Donna Alessi ("Alessi") with Forniciari's personnel file as part of a plan to get Alessi a position with the Township. (*Id.* ¶¶ 23-28.) Plaintiff denied these allegations. (*Id.* ¶ 29.) The Township suspended Plaintiff without pay the next day and an investigation ensued. (*Id.* ¶ 30.)

Plaintiff also alleges that he participated and cooperated with law enforcement and the Hunterdon County Prosecutor's Office (the "County") throughout the investigation. (*Id.* ¶¶ 32-33.) Plaintiff alleges that he gave Moving Defendants evidence of his innocence, including a video of Alessi breaking into his car and the identities of witnesses to Alessi's aggressive behavior towards Plaintiff. (*Id.* ¶¶ 33-34.) Defendants never investigated these matters further. (*Id.* ¶ 35.) The County dismissed all charges against Plaintiff on March 31, 2014.[3] (*Id.* ¶ 39.)

---

[2] Frank Crisologo was a defendant in this case but had separate representation. (Entry of Appearance, ECF No. 10.) The Court dismissed all claims against him. (Order, ECF No. 23.)

[3] Plaintiff's Complaint states: "On or about March 31, 2013, the Hunterdon County Prosecutor's Office dismissed all charges against Plaintiff." (Compl. ¶ 39.) However, considering that Plaintiff was not arrested until August of 2013, the Court assumes this is a typographical error.

2

Shortly thereafter, Plaintiff tried to negotiate reinstatement and back-pay from the Township. (*Id.* ¶¶ 39-40.) These attempts to negotiate proved unsuccessful and the Township "amend[ed] its reasons for Plaintiff's suspension." (*Id.* ¶¶ 41-43.) On July 9, 2014, the Township sent Plaintiff a "Rice" notice[4] regarding the Committee's resolution confirming that it would not reappoint Plaintiff to the Construction Code Official position. (*Id.* ¶¶ 44-45.) He subsequently learned that the Township had passed resolutions confirming its decision to not reappoint Plaintiff to either the Construction Code Official or the Fire Sub-Code Official position on July 9, 2014, and August 20, 2014, respectively. (*Id.* ¶¶ 45-48.) Plaintiff never received a "Rice" notice for the Fire Sub-Code Official position. (*Id.* ¶ 48.) Thereafter, local newspapers ran articles about Plaintiff that, he alleges, "amounted to a character assassination." (*Id.* ¶ 49.) Subsequently, Plaintiff's wife attempted suicide while their daughter was present. (*Id.* ¶¶ 51-52.)

In his Complaint, Plaintiff asserts the following claims against Moving Defendants, Crisologo, and the County[5] (collectively, "Defendants"): (1) breach of contract under N.J.S.A. 40A:62-6(b)(5); (2) common law breach of contract/wrongful discharge; (3) violation of the Civil Rights Act, 42 U.S.C. § 1983; (4) violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2; (5) false arrest/imprisonment; (6) malicious prosecution; (7) intentional infliction of emotional distress; and (8) negligent infliction of emotional distress. (*Id.* ¶¶ 54-100.)

Defendants previously moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) (ECF No. 8), and Plaintiff cross-moved to disqualify Moving Defendants' counsel (ECF No. 15).

---

[4] *See generally Rice v. Union Cty. Reg'l High Sch. Bd. of Ed.*, 155 N.J. Super. 64 (1977) (holding that to comply with the Open Public Meetings Act, a public employee must be notified of a municipality's intention to terminate him in advance of any official determination to give him a chance to defend his position).

[5] In opposition to Crisologo and the County's previous motion to dismiss, Plaintiff voluntarily withdrew all claims towards the County. (Pl.'s Opp'n Br. 1, ECF No. 20.)

3

Additionally, Plaintiff withdrew Count Five of his Complaint as to all Defendants. (Pl.'s Opp'n Br. 1, ECF No. 20.) This Court granted Plaintiff's cross-motion and subsequently denied Moving Defendants' motion to dismiss without prejudice. (Mem. Op. 12, ECF No. 22.)

## II.   **Legal Standard**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a claimant to plead a "short and plain statement of the claim" entitling him to relief. Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not necessary, a claimant must plead enough facts to suggest more than pure speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). A general allegation of wrongdoing, without more, "stops short of the line between possibility and plausibility" necessary to meet the standard of Rule 8(a)(2). *Id.* at 557. Although there need be only enough factual content to allow a court to draw reasonable inferences, Rule 8(a)(2) "does not require courts to credit a complaint's conclusory statements without reference to factual context." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

A district court conducts a three-part analysis to determine the sufficiency of a complaint challenged by a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The court must: (1) identify the elements of the claim; (2) identify and disregard conclusory statements unsupported by factual allegations; and (3) evaluate whether the well-pleaded components sufficiently plead the elements required. *Id.* The defendant has the burden to show that no claim has been sufficiently alleged. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

When reviewing a Rule 12(b)(6) motion, a court should only consider the complaint, any exhibits attached, matters of public record, and documents forming the basis of the claim. *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010). Under the law of the case doctrine, a court generally should not reconsider issues of law decided in earlier stages of the same

4

litigation. *Agostini v. Felton*, 521 U.S. 203, 236 (1997). An exception to this doctrine allows courts to reconsider issues where the record contains new evidence that materially differs from what was previously presented. *Hamilton v. Leavy*, 322 F.3d 776, 787 (3d Cir. 2003).

### III. Analysis

#### A. Individual Defendants

i. *Counts One and Two*

Individual Defendants argue that Counts One and Two of Plaintiff's Complaint for violation of N.J.S.A. 40A:62-6(b)(5) and breach of contract/wrongful discharge do not apply to them because: (1) Individual Defendants are not "council members" under the language of N.J.S.A. 40A:62; and (2) Plaintiff did not plead that the Individual Defendants were involved in the decision to terminate his employment. (Defs.' Moving Br. 11-12, ECF No. 25-1.) Plaintiff counters that, given Pietrefesa's position as Township Administrator, it is "plausible" that he was involved in the decision making process. (Pl.'s Opp'n Br. 8, ECF No. 28.) Plaintiff also argues that Tabasco and Donaruma were instrumental in Plaintiff's arrest, which led to his termination. (*Id.* at 8-9.)

N.J.S.A. 40A:62-6(b)(5) confers authority to "[t]he council" to "[r]emove any officer of the municipality . . . for cause . . . ." N.J.S.A. 40A:62-6(b)(5) (1989). Plaintiff alleges that Pietrefesa appointed him to his Township positions but he does not allege that he had the power to terminate him. In addition, Plaintiff has not specifically alleged any involvement of Tabasco or Donaruma in his employment. Furthermore, Plaintiff has not alleged that any of the Individual Defendants are members of the municipal council. Plaintiff cannot state a cause of action for breach of contract without alleging that Individual Defendants had contractual obligations towards Plaintiff that they did not perform. The Court disregards Plaintiff's conclusory assertions that

5

Pietrefesa is plausibly involved in his termination and that Tabasco and Donaruma's involvement in his arrest constitute a breach of contract. Therefore, Counts One and Two are dismissed, without prejudice, as to the Individual Defendants.

    ii. *Counts Three, Four, and Six*

When ruling on Crisologo's motion to dismiss with respect to Counts Three, Four, and Six, the Court found that Crisologo was entitled to qualified immunity and dismissed Plaintiff's civil rights and malicious prosecution claims without prejudice. (Mem. Op. 9-10.) Specifically, the Court held that Plaintiff failed to allege a deprivation of a constitutional right because Plaintiff only provided bare conclusions that Defendants acted without probable cause. (*Id.*) Here, Individual Defendants also move to dismiss counts Three, Four, and Six based on their qualified immunity. (Defs.' Moving Br. 14-18.) The Complaint does not assert any additional facts that relate to Individual Defendants, and thus the law of the case doctrine applies. Therefore, Counts Three, Four, and Six are dismissed, without prejudice, as to Individual Defendants.

    iii. *Counts Seven and Eight*

The Court, in conjunction with Crisologo's motion to dismiss, already stated with respect to Plaintiff's claims for intentional and negligent infliction of emotional distress that a plaintiff must plead facts showing conduct by the defendant that is intentional and outrageous, as well as distress suffered by the plaintiff that is severe. (Mem. Op. 11.) Additionally, the Court held that, absent conclusory allegations made by Plaintiff, "there simply are no facts pled that show the existence of severe emotional distress experienced by Plaintiff himself." (*Id.*) Here, Individual Defendants also move to dismiss Counts Seven and Eight because Plaintiff has failed to allege severe emotional distress. (Defs.' Moving Br. 20-22.) The Complaint does not assert any

additional facts that relate to Individual Defendants, and thus the law of the case doctrine applies. Therefore, Counts Seven and Eight are dismissed, without prejudice, as to Individual Defendants.

**B.    Township**

i.    *Counts One, Two, Three, and Four*

The Township argues that Plaintiff has failed to allege: (1) facts rebutting the presumption of at-will employment; and (2) that the Township terminated Plaintiff in accordance with an "official policy" of discrimination, which is required to state a claim for a civil rights violation by a municipality. (Defs.' Moving Br. 23-25.) Plaintiff argues that his appointment carries a four-year term and, thus, he has a protected property interest in his employment. (Pl.'s Opp'n Br. 21-22.) Plaintiff also argues that the Township has oversimplified the "official policy" requirement, explaining that personal involvement in the deprivation of Constitutional rights is sufficient. (*Id.* at 22-23.)

Here, the Third Circuit's decision in *Miller v. Township of Readington* provides guidance to the Court with respect to Plaintiff's claims. 39 F. App'x 774 (3d Cir. 2002). The facts of *Miller* are similar to the facts of the present case. Miller was a township employee appointed pursuant to N.J.S.A. 40A:63-6.[6] *Id.* at 775. Miller brought a § 1983 wrongful termination action against the Township of Readington and argued that there was an implied contractual agreement regarding her employment, which arose from statutory municipal authority. *Id.* Specifically, Miller relied

---

[6] N.J.S.A. 40A:63-6 is virtually identical to N.J.S.A. 40A:62-6 in all respects except that the former applies to townships while the latter applies to towns. *Compare* N.J.S.A. 40A:63-6(b)(3) ("[o]ther than the township attorney, engineer, building inspector, the clerk, tax collector and tax assessor who shall serve for terms as provided in Chapter 9 of Title 40A of the New Jersey Statutes, these officers shall serve at the pleasure of the committee."), *with* N.J.S.A. 40A:62-6(b)(3) ("[o]ther than the town attorney, engineer, building inspector, clerk, tax collector and tax assessor, these officers shall serve at the pleasure of the council. The town attorney, engineer, clerk, tax collector and tax assessor shall serve for terms as provided in chapter 9 of Title 40A of the New Jersey Statutes").

7

on the "for cause" language in N.J.S.A. 40A:63-6(b)(5) to support her argument. The Third Circuit, however, found Miller's interpretation to be trumped by language in N.J.S.A. 40A:63-6(b)(3), which states that except for "the township attorney, engineer, building inspector, the clerk, tax collector and tax assessor," appointed municipal officers serve "at the pleasure of the committee." *Id.* at 776. The Third Circuit construed "at the pleasure of the committee" to be materially identical to "at-will" employment. *Id.* ("There is nothing to support reading subsection five to mean that officers like Miller may be removed only for cause.") Furthermore, the Third Circuit found that to construe the cause requirement to apply to municipal employees other than those listed would render the language of subsection three "virtually meaningless[] or even contradictory." *Id.* Ultimately, because at-will employment carries with it no contractual rights or cognizable property interests, the Third Circuit dismissed Miller's § 1983 claims. *Id.* at 777.

At the motion to dismiss stage, a district court can dismiss a complaint that fails to state a claim if it does not sufficiently allege facts to rebut the presumption of at-will employment. *See, e.g.*, *McCrone v. Acme Mkts.*, 561 F. App'x 169, 170 (3d Cir. 2014) (where the court held that the district court did not err in dismissing a plaintiff's wrongful termination claim because the plaintiff failed to allege facts supporting an implied contract to rebut the at-will presumption). As the Third Circuit set forth in *Miller*, municipal employees governed by N.J.S.A. 40A:63, other than those specifically listed as exceptions, are at-will employees. Therefore, by pleading that Plaintiff's employment is governed by N.J.S.A. 40A:62, Plaintiff fails to rebut the presumption of at-will employment. Consequently, Counts One, Two, Three, and Four are dismissed with prejudice as to the Township.

## IV. Conclusion

For the reasons set forth above, Moving Defendants' motion to dismiss is granted. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 28th, 2016