**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PHIL IZZO,

        Plaintiff,

v.

TOWNSHIP OF RARITAN, et al.,

        Defendants.

Civil Action No. 15-1262 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Phil Izzo's ("Plaintiff") motion for partial reconsideration, pursuant to Local Civil Rule 7.1(i), of the Court's July 28, 2016 Memorandum Opinion and Order (the "Opinion") (ECF Nos. 29, 30) dismissing with prejudice Counts One through Four as to Defendant Township of Raritan ("Township"). (ECF No. 31.) Defendants filed opposition to the motion. (ECF No. 34.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

    Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the court to rethink what it ha[s] already thought through."

*Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

Plaintiff moves for reconsideration arguing that the Court overlooked: (1) the factual matter that "Plaintiff is not an at-will employee, but rather statutorily appointed to a four-year term" under N.J.S.A. 52:27d-126(b); and (2) the controlling decision of law by New Jersey Appellate Division in *Voges v. Borough of Tinton Falls*, 268 N.J. Super. 279 (App. Div. 1993). (Pl.'s Moving Br. 5, ECF No. 31-1.) In the Complaint, Plaintiff asserts the following claims against the Township: "(1) breach of contract under N.J.S.A. 40A:62-6(b)(5); (2) common law breach of contract/wrongful discharge; (3) violation of the Civil Rights Act, 42 U.S.C. § 1983; [and] (4) violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2." (Memo. Op. 3, July 28, 2016, ECF No. 29.) In the Opinion, the Court, based on the Third Circuit's decision in *Miller v. Township of Readington*, 39 F. App'x 774 (3d Cir. 2002), held that "by pleading that Plaintiff's employment is governed by N.J.S.A. 40A:62, Plaintiff fails to rebut the presumption of at-will employment." *Id.* As such, the Court dismissed Counts One through Four as to the Township with prejudice. *Id.*

In the Complaint, Plaintiff asserts that he was appointed to the positions of "Fire Sub-Code Official" and "Construction Official" of the Township of Raritan. (Compl. ¶ 12, ECF No. 1.) Nowhere in Plaintiff's Complaint does he reference N.J.S.A. 52:27d-126(b), which is part of the Uniform Construction Code Act. Instead, Plaintiff's first reference to this provision of the Uniform Construction Code Act is in the factual background section of his opposition brief to the motion to dismiss. (*See* Pl.'s Opp'n Br. 2, ECF No. 28.) Therefore, based on the allegations as

contained in the Complaint, the Court found that Plaintiff failed to rebut the presumption of at-will employment because his position was not one of the listed positions excluded from at-will employment under N.J.S.A. 40A:62. The Court, however, overlooked Plaintiff's reference to N.J.S.A. 52:27d-126(b) in his opposition brief when it dismissed Counts One through Four with prejudice, as these claims may not be futile based on Plaintiff's reference to N.J.S.A. 52:27d-126(b). A plaintiff may not amend his complaint through his opposition to a motion to dismiss and a court need not consider these allegations in determining whether a plaintiff has stated a claim for relief. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (stating that a complaint may not be amended by briefs in opposition to a motion to dismiss). Even though Plaintiff could not amend his Complaint through his references to N.J.S.A. 52:27d-126(b) in his opposition brief, the Court will grant Plaintiff's motion for reconsideration, and now dismiss Counts One through Four of Plaintiff's Complaint as to the Township without prejudice. Through an amended complaint, Plaintiff may replead a sufficient cause of action based on his appointment under N.J.S.A. 52:27d-126(b). An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** September 9, 2016